NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2768

_____

MAJD MOHAMMAD YOUN ABDALLAH,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(Agency No. A065-997-169)
Immigration Judge: Richard Bailey

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 22, 2025

Before: PHIPPS, CHUNG and ROTH, *Circuit Judges*

(Opinion filed: December 8, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, *Circuit Judge*

Petitioner Majd Mohammad Youn Abdallah, 30, is a Jordanian citizen. Abdallah was 22 when he entered the United States as a lawful permanent resident. In February 2022, Abdallah set fire to a commercial building in New Jersey that contained eight businesses, one of which was owned by an uncle with whom he had a personal dispute. In October 2022, Abdallah was convicted of aggravated arson and arson under New Jersey law. As a result of his criminal convictions, the Department of Homeland Security charged Abdallah with removability under the Immigration and Nationality Act (INA). Abdallah conceded removability but sought deferral of removal under the United Nations Convention Against Torture (CAT). The Immigration Judge (IJ) concluded that Abdallah failed to establish eligibility for CAT protection because it was unlikely "that he would be harmed in any way should he return to Jordan."[1] The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed the appeal. We discern no error in either decision.[2]

Abdallah has not shown "that it is more likely than not that he . . . would be tortured if removed to" Jordan.[3] His sole argument on appeal is that the BIA and IJ erred in denying CAT protection because a plain reading of Jordan's Anti-Terrorism statute

---

[1] A.R. 85.
[2] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a)(1). "Where the BIA 'affirmed and partially reiterated' the IJ's decisions, we review both." *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2023) (quoting *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020)). We review "factual findings for substantial evidence" and "legal determinations de novo." *Id.*
[3] *See Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (quoting 8 C.F.R. § 1208.16(c)(2)); *see also* 8 C.F.R. § 1208.17(a).

shows that he would likely be subject to torture and harsh punishment under Jordanian law for his arson convictions. But Abdallah's argument is purely speculative. He has not shown that his New Jersey arson convictions were prosecuted as acts of terrorism; rather, by Abdallah's own admission, they were fueled by a "personal vendetta against his uncle."[4] Moreover, he has failed to provide evidence that Jordan's Anti-Terrorism statute is, or has ever been, applied to foreign convictions. We therefore agree with the BIA and IJ that the record does not demonstrate that Abdallah is likely to be subject to torture if he returns to Jordan. Accordingly, we will deny the petition for review.

---

[4] A.R. 83; *see also* A.R. 4, 185–86.